UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HARRA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>Defendants. | No. 2:19-cv-2233 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that on May 18, 2019, defendant Correctional Officer Lopez denied plaintiff his approved emergency phone call concerning the death of his grandmother. At breakfast, plaintiff attempted to hold his food port hostage, keeping his hands and fingers inside the cell, and defendant Lopez pepper sprayed plaintiff through the food port for over one minute, despite plaintiff's protestations that he suffers from asthma. (ECF No. 14 at 2.) Subsequently, while plaintiff was in the exam room, defendants Correctional Officers Truong, Pagal, and Moua used excessive force on plaintiff. (ECF No. 14 at 4-6.) During plaintiff's escort back to his cell, plaintiff alleges that defendants Correctional Officers S. Garcia, Chavez and Christerna used excessive force on plaintiff. (ECF No. 14 at 7-9.) Finally, plaintiff alleges that defendants Sgt. Perez and Lt. Lewis failed to protect plaintiff during the use of excessive force in the exam room.

Plaintiff's allegations are sufficient to state potentially cognizable Eighth Amendment claims against such defendants, but his amended complaint is incomplete and insufficient for the following reasons. First, plaintiff fails to set forth the names of the individuals he intends to sue in the caption of his pleading, or to identify where such defendants are located to assist in service

of process.  Fed. R. Civ. P. 10.  Second, plaintiff fails to identify the relief sought.  Plaintiff included such information in his original complaint, but as plaintiff was previously informed, once he amends his pleading, the amendment supersedes the original complaint.  Thus, plaintiff can easily rectify his pleading defects by completing the court's complaint form and appending the declarations he submitted as his third amended complaint.  In an effort to assist plaintiff, the court will send plaintiff the court's form for filing a civil rights complaint, as well as pages 2 - 13 of his second amended complaint.  Plaintiff should fully complete the court's civil rights complaint form, and may append his previously-filed declarations to provide the specific factual allegations against each defendant.

Accordingly, plaintiff's second amended complaint must be dismissed.  The court, however, grants leave to file a third amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must identify each individual he names as a defendant and set forth each defendant's location.  Plaintiff must identify the relief sought.  In addition, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a third amended

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is not required to append exhibits or provide copies of prior court orders to his third amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and one copy of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a 42 U.S.C. § 1983 action by a prisoner, along with a copy of pages 2 - 13 of plaintiff's second amended complaint, without the court's banner across the top. (ECF No. 19 at 2-13.)

Dated: March 25, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harr2233.14amd